## NICHOLAS LITTLEFIELD *et al. vs.* WAITY MOTT *et als.*

A. executed and delivered a deed to his son B. purporting to be made in consideration of a life lease of even date with it, of a reservation contained in it, and of love and affection. In it he conveyed certain described realty to B., "his heirs and assigns forever," and then provided if " B. should die without having any lawful heirs of his own body, then and in that case my daughter N. . . . shall come in as equal heir of the aforesaid described and granted premises, that is to say, equal with my two daughters, A. and J. . . . The *habendum* was to " B., his heirs and assigns forever, to his and their use and behoof forever." The deed contained a covenant of warranty to " B., his heirs and assigns against the lawful claims and demands of all persons."

*Held*, that the provision in the deed in favor of the daughters was bad as a reservation not being in favor of the grantor.

*Held*, further, that the provision in the deed in favor of the daughters was repugnant to the grant and therefore null and void.

TRESPASS AND EJECTMENT. Heard by the court upon an agreed statement of facts, jury trial being waived.

*Providence, November* 21, 1883. DURFEE, C. J. The facts agreed on show that January 25, 1853, John Paine, of New Shoreham, being the owner in fee of the land in suit, conveyed it by deed to his son, John S. Paine, under whom the defendants claim title. The deed purports to have been given in consideration of a life lease to the grantor of even date with it, of a reservation contained in it, and of love and affection. It first conveys the land to John S. Paine, " his heirs and assigns forever," and then contains a clause which the plaintiffs claim is referred to in the recital of the considerations as the " reservation." The clause is as follows, to wit: " Now if my aforesaid son, John S. Paine, should die without having any lawful heirs of his own body, then and in that case my daughter Nancy Sands, wife of John E. Sands of said town, shall come in as equal heir of the aforesaid described and granted premises, that is to say, equal with my two daughters, Mary Ann Clarke, wife of Lyman Clarke of the county of New London and State of Connecticut, and Martha J. Babcock, of the town of New Shoreham and State of Rhode Island." The *habendum* is to " John S. Paine, his heirs and assigns forever, to his and their use and behoof forever." The deed contains, besides other covenants, a covenant of warranty to " John S. Paine, his heirs and assigns, against the lawful claims and demands of all persons." The children of John Paine were his son

John S. and his daughters above named, to wit, Nancy Sands, Mary Ann Clarke, and Martha J. Babcock. John Paine died leaving a will, in which, after directing the payment of his debts, he uses the following language, to wit: " The remainder of my property I devise and bequeath to my children in the following manner : That is, having given to my son John S. Paine by deed my homestead, containing about one hundred acres of land, be it more or less, together with all the improvements thereon as will more fully appear by reference to said deed, I further now give to my son John S. Paine my clock and desk for the special purpose that he shall have decent gravestones procured and placed at my grave within twelve months after my decease. Should he fail in complying with this request, the said clock and desk be sold for the special purpose before named. Furthermore I hereby direct that should my said son John S. Paine die without lawful heir or heirs, the said homestead before mentioned to revert at his decease to my surviving children, that is Nancy Sands, Mary Ann Clarke, and Martha J. Babcock, share and share alike." The will, however, is made a part of the agreed statement only in case the court shall be of the opinion that it is relevant to the issues and admissible in evidence. Mary Ann Clarke and Martha J. Babcock released their title to John S. Paine, who died without ever having had any issue. The plaintiffs are the only heirs at law of Nancy Sands. The question is : Are they entitled as her heirs at law to any interest in the land in suit ?

We think the decision of the question depends solely on the construction which is to be given to the deed. The will is not dated, and may have been executed years after the deed. But even if it had been executed immediately after the deed, we do not see how it could be properly permitted to affect the construction of the deed, it being an act of the grantor in which the grantee took no part.

It is clear that John S. Paine took an absolute fee simple estate under the deed, unless the estate conveyed by it is qualified or cut down by the clause referring to the grantor's daughters. It is also clear that the clause cannot be regarded as a reservation, for a reservation can be only to the grantor. *Young, Petitioner*, 11 R. I. 636. The plaintiffs contend that the clause, if not opera-

tive as a reservation, was operative as a qualification of the grant, cutting it down to an estate tail. Undoubtedly a grant may be so cut down, if the deed contain words which demonstrate an intent to do it. Thus a grant to A. and his heirs, followed by a grant over to B. in case A. dies without heirs of his body, creates only an estate tail in A. Here, however, there is no grant over, for the deed does not purport to convey anything to the daughters or either of them. They were to take not by grant but by inheritance. To hold, therefore, that the estate was cut down to an estate tail is to hold that the ultimate fee or reversion still remained in the grantor, and that in the clause referring to the daughters he contemplated that they should inherit from him. We do not think the clause will bear such a construction. The daughters were to come in as heirs on the death of the son, if the son should die without heirs of his body. This implies that they were to inherit from the son; for if they were to inherit from the father they would inherit at the father's death, whether he died before or after the son, and if he died before, the son would inherit equally with them. Again, they are to inherit not the reversionary estate remaining in the father, but "the aforesaid described and *granted* premises." And finally, to hold that the estate granted to the son was only an estate tail would be inconsistent with both the *habendum* and the warranty. We think, therefore, that what the grantor meant when he declared in his deed that, in the event of his son dying without lineal heirs, his daughter Nancy Sands should come in equally with his two other daughters as "heir of the aforesaid described and granted premises," was that she was to come in equally with them as heir to the estate which by the deed he was conveying to his son. This is what would have happened if the son, retaining the estate, had died intestate and without issue, leaving the daughters alive, if the estate be an estate in fee simple, but not if it be an estate tail. It may be asked, what then was the purpose of the clause. Apparently the purpose was to insure the retention of the estate in the son, and its descent equally to the three daughters, if he should happen to die without leaving issue to inherit it. In other words, the purpose was to fetter the grant with a condition which was

repugnant to it, and which, being repugnant to it, must be rejected as null and void.

Judgment for defendant for costs.

*William P. Sheffield & William P. Sheffield, Jun.*, for plaintiffs.

*Samuel R. Honey*, for defendants.